```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JUANITA WILLIAMS,

                Plaintiff,

vs.                                   Case No. 2:07-cv-814-FtM-29DNF

JOHN PACCIONE, Florida Department of
Financial Services,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #14), filed on February 5, 2008. Plaintiff, who is proceeding *pro se*, was provided an extension of time to respond. (Doc. #16.) No response was filed and the time to do so has expired.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell

Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Construed liberally, as the Court must due to plaintiff's *pro se* status, plaintiff Juanita Williams (plaintiff) asserts racial discrimination pursuant to Title VII of the Civil Rights Act of 1964; infringement of her Sixth Amendment rights; and discrimination with respect to race and gender by defendant John

-2-

Paccione in his capacity as an officer of the Florida Department of Financial Services (Paccione or defendant).  More specifically, plaintiff alleges that defendant repeatedly harassed her neighbors, friends, and relatives in his attempt to arrest her without a warrant "on what he claims is 'probable cause'" at a place other than her place of business despite being notified that a warrant would not be issued for a civil case.  Plaintiff alleges that the press was advised of the upcoming arrest, but she has not been told what defendant plans to charge her with.  Plaintiff alleges that the intended arrest is with the purpose of destroying and/or tarnishing her business and reputation with her bail bonds agency because she is an African-American woman.  Plaintiff alleges that the discrimination occurred on or about December 6, 7, 10, and 11, 2007.  Plaintiff seeks an injunction against defendant, damages, and an investigation into defendant's practices.

### III.

Defendant argues that plaintiff has failed to state a claim, and that qualified immunity otherwise bars her Complaint.  The Court agrees but will allow plaintiff an opportunity to amend.

### A.

Section 2000e-5 of the Civil Rights Act of 1964 prohibits unlawful employment practices by an "employer" against an "employee," as defined in 42 U.S.C. § 2000e. "Prior to filing suit under Title VII, a plaintiff must file a charge with the [Equal

Employment Opportunity Commission]" under oath or affirmation. <u>Vason v. City of Montgomery, Ala.</u>, 240 F.3d 905, 907 (11th Cir. 2001). Plaintiff does not allege that she was or is an employee of the Florida Department of Financial Services (DFS), but rather alleges that she was discriminated against by an employee of DFS in the scope of <u>his</u> employment. Additionally, there is no allegation that plaintiff met the condition precedent of filing a charge with the EEOC or that she received a Right to Sue letter from the EEOC. Therefore, the motion to dismiss will be granted as to this claim.

**B.**

The Sixth Amendment provides a defendant certain rights in a criminal prosecution, including a right to cross-examine witnesses, a speedy and public trial, and the right to counsel. U.S. CONST. amend. XI. The rights enumerated in the Sixth Amendment do not commence "until 'at or after the initiation of adversary judicial criminal proceedings-whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" <u>Lumley v. City of Dade City, Fla.</u>, 327 F.3d 1186 (11th Cir. 2003)(citations omitted). Plaintiff alleges that an attempt was made or an intent to arrest was indicated, but does not allege that she was actually arrested or charged. Therefore, plaintiff's Sixth Amendment rights are not yet at issue based on the allegations of the Complaint and the motion to dismiss will be granted.

To the extent that plaintiff is attempting to allege an unlawful arrest without probable cause under the Fourth Amendment,

-4-

or an unlawful arrest without charges under the Fifth Amendment, or a violation of a federal law or the Constitution pursuant to 42 U.S.C. § 1983[1], plaintiff will be provided an opportunity to amend the complaint to properly set forth the allegations under one or both of these Amendments.

### C.

Plaintiff alleges that "Defendant, abusing the permissions granted by his Office" made attempts to arrest her and discriminated against her. It is not immediately clear whether plaintiff is asserting her claims against defendant individually, or in his official capacity because only defendant is named and not Alex Sink as Chief Financial Officer for the State of Florida Department of Financial Services. Therefore, the Court will consider the motion to dismiss as to defendant individually only.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1267 (11th Cir.

---

[1] Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Passmore Swann v. S. Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)).

2003)(citations omitted). "An official seeking qualified immunity must initially establish that he was acting within his discretionary authority. If the official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff." McLish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007). Plaintiff alleges that defendant was told "on more than one occasion" that a warrant would not be issued, that defendant was fully aware of the laws and the rights of arrest granted to him, but that he proceeded to attempt arrest regardless of these facts. It would appear that plaintiff is alleging that he acted outside the scope of his employment or at least not within his discretionary authority. Therefore, the allegations are insufficient for the Court to determine whether defendant is entitled to qualified immunity.

Even if the Court could determine that defendant is not entitled to qualified immunity, plaintiff will be required to amend the Complaint as it is unclear under what right she is asserting the discrimination by defendant in his individual capacity. Plaintiff generally asserts race and gender discrimination by defendant but the Court cannot determine whether the discrimination is pursuant to the Equal Protection Clause of the Fourteenth Amendment or 42 U.S.C. § 1981, or something else. Therefore, the motion to dismiss will be granted and plaintiff will be required to amend the Complaint to adequately plead the discrimination allegations.

**D.**

As plaintiff is proceeding *pro se*, the Court will take this opportunity to explain some of the responsibilities and obligations that she bears as a *pro se* party.  The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege her claims and in doing so plaintiff should adhere to the following instructions.

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of FED. R. CIV. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs.  The document should be entitled "Amended Complaint."  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated.  It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statutes.

Plaintiff must also provide support in the statement of facts for the claimed violations.  Further, in the body of the Amended Complaint Plaintiff should clearly describe <u>how</u> the named defendant is involved in the alleged claim.  Plaintiff must provide support in the statement of facts for the claimed violations.  More than conclusory and vague allegations are required to state a cause of action.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #14) is **GRANTED** as set forth above and the Complaint is dismissed without prejudice to filing an "Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order and in compliance with the instructions herein.  If no "Amended Complaint" is filed within the time provided, judgment will be entered and the case closed **without further notice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of July, 2008.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Parties of record