```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JUANITA WILLIAMS,

                Plaintiff,

vs.                          Case No. 2:07-cv-814-FtM-29DNF

JOHN PACCIONE, per Florida
Department of Financial Services,
JOHN DOE, individually

                Defendant.
_____

## OPINION AND ORDER

     This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #24) filed on October 16, 2009. Plaintiff filed a Response (Doc. #27) on November 3, 2008.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007). Plaintiff must plead enough facts to state a plausible basis for the claim. Id. The Eleventh Circuit, however, imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified

immunity.  Passmore Swann v. S. Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)).

**II.**

Plaintiff Juanita Williams (Williams or plaintiff) alleges that she is an African-American female and part-owner of Express Bail Bonds along with Joseph Houston, who is not named as a co-plaintiff.  Plaintiff is also part-owner of two other bail bond agencies which collectively are the only such agencies owned and operated by African-Americans in Collier County, Florida.  At all relevant times, Williams was a licensed bail bond agent and limited surety bail bond agent.  Defendant John Paccione (Paccione or defendant) is an investigator for the Florida Department of Financial Services, Division of Insurance Fraud.  Paccione has been working with the Collier County Sheriff's Office and John Doe to prosecute plaintiff and Mr. Houston.

On or about July 5, 2007, plaintiff's bail bond agencies were raided by the Collier County Sheriff's Office in relation to an allegation of illegal compensation of inmates for referrals to the bail bond agencies.  Property was confiscated such that Williams was not able to transact business or render services.  Prior to the raid, a DOC inmate Patrick Rosemilla was questioned.  Rosemilla denied receiving compensation and defendant John Doe stated "Why are you sticking up for these niggers . . . We're going to put these niggers out of business."  This matter is ongoing.

On or about November 21, 2007, Williams received a civil complaint from the Florida Department of Financial Services (FDFS) stating that she failed to issue a receipt for collateral and to return collateral to a Wilford DuPont. Paccione filed an Affidavit for Criminal Offense to obtain an arrest warrant after issuance of the complaint, but this request was denied because the matter was civil in nature. For a week afterwards, plaintiff alleges that Paccione "staked out" the Williams' business and home and told employees she would be arrested and neighbors that she was a thief.

On or about December 13, 2007, plaintiff filed a complaint with the FDFS for harassment and racial discrimination by Paccione. On or about January 16, 2008, Paccione attempted to obtain another arrest warrant from a judge by misrepresenting the facts and was successful. On or about January 19, 2008, plaintiff was arrested. Subsequently, plaintiff's license to act as a limited surety bail bond agent was suspended. The civil matter is stayed pending the outcome of the criminal matter.

## III.

The Amended Complaint (Doc. #23) sets forth multiple claims in a single count, "Count I: Deprivation of Civil Rights, 42 U.S.C. §§ 1981, 1983, and 1985 for Violation of Plaintiff's Rights Under the Fourteenth Amendment." While this is sometimes appropriate, in this case the Court concludes that for the sake of clarity plaintiff must set forth each separate claim in a separate count.

FED. R. CIV. P. 10(b). As it currently exists, the one count is essentially a shotgun complaint which fails to provide the necessary clarity for either defendants or the Court. For example, it is unlikely that all of the facts can form the basis for all of the claims; additionally, paragraph 33 twice alleges that defendants conspired to violate rights under all the statutes and the Fourteenth Amendment, while plaintiff's responsive memorandum asserts that conspiracy is not an element of the asserted causes of action (Doc. #27, p. 6). At the very least, plaintiff has not satisfied the heightened pleading requirements applicable to this case.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #24) is **GRANTED** and the Amended Complaint (Doc. #23) is **dismissed** without prejudice to filing a Second Amended Complaint within **TWENTY (20) DAYS** of this Order.

2. The parties shall meet and confer to file an Amended Case Management Report within **FIFTEEN (15) DAYS** of this Opinion and Order pursuant to the Court's January 21, 2009 Order (Doc. #37).

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of March, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record